**In re Failure to Satisfy Costs in Lawyer Disciplinary Cases of Tia R. BREWER, Darren T. Cole, Timothy A. Doyle, Kjell P. Engebretsen, James R. Kilburn, Terrance L. Kinnard, Bruce A. Lambka, Trina Saunders, and Daniel E. Serban, Respondents.**

No. 94S00–1012–MS–706.

Supreme Court of Indiana.

March 10, 2011.

*PUBLISHED ORDER ON PETITION TO SUSPEND ATTORNEYS FOR FAILURE TO PAY COSTS*

On December 29, 2010, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Certain

---

Attorneys for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting each of the Respondents failed to pay costs assessed in a disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and each Respondent is therefore subject to suspension under Admission and Discipline Rule (2)(h).

The Commission has moved to dismiss the petition with respect to the following attorneys because they have since paid their costs in full: Tia R. Brewer, Terrance L. Kinnard, Bruce A. Lambka, Trina Saunders, and Daniel E. Serban.

Being duly advised, the Court now:

(1) DISMISSES the petition with respect to Tia R. Brewer, Terrance L. Kinnard, Bruce A. Lambka, Trina Saunders, and Daniel E. Serban.

(2) SUSPENDS from the practice of law in Indiana the following attorneys: **Darren T. Cole, Timothy A. Doyle, Kjell P. Engebretsen, and James R. Kilburn.** The suspension shall become effective **ten days from the date of this order.** These Respondents shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). A suspended Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission and Discipline Rule 2(h), provided the requirements of that provision are met. Applications for reinstatement or for other relief shall be filed under the cause number for this case.

The Court directs the Clerk to forward a copy of this Order to Respondents or Respondents' attorneys, to the Indiana Supreme Court Disciplinary Commission, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.